```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

ROBERT JACKSON,                :      NO. 10-CV-693
                               :
    Plaintiff,                 :
                               :
        vs.                    :      **OPINION AND ORDER**
                               :
CITY OF CINCINNATI,            :
                               :
    Defendant.                 :

       This matter is before the Court on the Magistrate Judge's April 13, 2011 Report and Recommendation (doc. 7), to which no party has filed an objection.

       The Magistrate Judge reported the background of this case as follows.  Plaintiff brought a pro se complaint pursuant to 42 U.S.C. §1983 (doc. 1).  The Court ordered the Plaintiff to show cause on April 6, 2011 (doc. 5).  Plaintiff has not responded to the Court's order to show cause and it also appears that Plaintiff did not notify the Court of his change of address (doc. 6).  As such, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for lack of prosecution and failure to abide by a court order (doc. 7).

       Having reviewed this matter, the Court finds Magistrate Judge's Report and Recommendation well-taken.  District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the

orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. See Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980)(quoting Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir. 1978); see also Coleman v. American Red Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement. . . or failure to comply with the pre-trial order." Carter, 636 F.2d at 161 (quoting J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp., 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Here, Plaintiff has failed to respond to the Court's order and failed to notify the Court of any change of address. Plaintiff has therefore failed to prosecute his claims against Defendant. Consequently, the Court finds appropriate the dismissal of Plaintiff's claims. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 7), DISMISSES Plaintiff's Complaint for lack of prosecution and failure to abide by a court order, and TERMINATES this case from the

Court's docket.

        SO ORDERED.

Dated: May 17, 2011              /s/ S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge